**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PRESTON KYLES, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>HOOSIER PAPA LLC, an Indiana limited liability company; and PAPA JOHN'S INTERNATIONAL, INC., a Delaware corporation,<br><br>*Defendants*. | Case No. 20-cv-7146 |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Preston Kyles, individually and on behalf of all others similarly situated, brings this Class Action Complaint and Demand for Jury Trial against Defendants Hoosier Papa LLC and Papa John's International, Inc. Plaintiff alleges the following based upon personal knowledge as to his own experiences, and as to all other matters upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE CASE**

1. This class action alleges violations of the Biometric Information Privacy Act, 740 ILCS 14/1–99 ("BIPA").

2. Since 2008, BIPA has imposed a notice-and-consent requirement on companies possessing biometric data like fingerprints, voiceprints, and faceprints.

3. Defendants collected Plaintiff's biometrics without proper notice and consent. Accordingly, Plaintiff seeks statutory damages as authorized by BIPA.

## PARTIES

4. Plaintiff is a citizen and resident of Iowa. At the time of the events alleged below, Plaintiff resided in Illinois.

5. Hoosier Papa LLC is an Indiana limited liability company headquartered at 13405 Hoosier Street, Grabill, Indiana. On information and belief, none of Hoosier Papa LLC's members are citizens of Illinois.

6. Papa John's International, Inc. is a Delaware corporation headquartered at 2002 Papa John's Boulevard, Louisville, Kentucky.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Hoosier Papa because Plaintiff's claims against Hoosier Papa arise out of conduct within this State.

8. This Court has personal jurisdiction over Papa John's International because Plaintiff's claims against Papa John's International arise out of conduct within this State.

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one defendant is a citizen of a different state than Plaintiff and the other class members, and because the amount in controversy exceeds $5,000,000.00.

10. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff's biometrics were unlawfully collected within this District and Plaintiff's claims arise from Defendants' conduct within this District.

## FACTUAL BACKGROUND

11. Papa John's International is a world-famous, publicly traded Pizza franchisor best known for the pepperoncino included in each pizza box.

12. Hoosier Papa is a Papa John's franchisee with locations in Indiana and Illinois.

13. Hoosier Papa owns and operates the Papa John's located at 700 Columbus Street, in Ottawa, Illinois.

14. Hoosier Papa used Papa John's International's proprietary point-of-sale system, called FOCUS. FOCUS, developed and operated by Papa John's International, included a built-in fingerprint scanner.

15. Plaintiff worked at Hoosier Papa's Ottawa, Illinois location from 2016 to 2017.

16. Hoosier Papa required its hourly workers, including Plaintiff, to clock in and out of shifts and breaks with FOCUS's fingerprint scanner.

17. Hoosier Papa also required workers to use their fingerprints to unlock FOCUS for transactions.

18. In addition to collecting fingerprints, FOCUS collected and maintained reference templates derived from workers' fingerprints.

19. FOCUS then compared the reference templates against each subsequent fingerprint scan to identify the worker scanning in and associate the appropriate timekeeping and transaction information.

20. Defendants did not tell workers how they used the biometric data collected through FOCUS.

21. Defendants did not tell workers how long they kept the data collected through FOCUS.

22. Defendants' workers did not consent to Defendants' collection of their fingerprints or the identifying data derived from them.

23. Defendants' workers did not consent to disclosure of biometric data collected through FOCUS.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of the following two classes of similarly situated individuals under Fed. R. Civ. P. 23(b)(3):

> Hoosier Papa Class: All individuals who used a fingerprint scanner located at any Hoosier Papa LLC location in the State of Illinois within the preceding five years.
>
> Papa John's International Class: All individuals who used a fingerprint scanner connected to a FOCUS system in the State of Illinois within the preceding five years.

25. Excluded from the Class are any members of the judiciary assigned to preside over this matter, any officer or director of any defendant, counsel for the parties, and any immediate family member of any of the same.

26. Upon information and belief, the Class contains scores, if not hundreds, of individuals. The Class is therefore so numerous that joinder of all members is impracticable. The precise number of Class members can be determined by reference to Defendants' records.

27. Plaintiff's claims are typical of the proposed Class's. Plaintiff's claims have the same factual and legal bases as the proposed Class members', and Defendants' conduct has resulted in identical injuries to Plaintiff and the other Class members.

28. Common questions of law and fact will predominate over any individualized inquiries. Those common questions include:

    a. Whether Defendants collected the Class's biometric identifiers or biometric information;

    b. Whether Defendants disclosed the Class's biometric identifiers or information;

    c. Whether Defendants published written policies establishing retention schedules and biometric-destruction guidelines;

    d. Whether Defendants obtained written releases prior to collecting the Class's biometrics;

    e. Whether Defendants informed the Class, in writing, of the purposes and duration for which their biometrics would be collected and stored;

f. Whether Hoosier Papa LLC obtained the Class's consent prior to disclosing their biometrics; and

g. Whether Defendants are liable for $5,000 or only $1,000 per violation.

29. Plaintiff will adequately represent the Class. Plaintiff has retained counsel experienced in biometric class actions. Plaintiff and Plaintiff's counsel are committed to vigorously litigating this action on the Class's behalf, and have the resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to the Class.

30. Class treatment is superior because absent a class action, most Class members would find their claims prohibitively expensive to bring individually, and would be left without an adequate remedy. Class treatment of the common questions is also superior because it conserves the Court's and Parties' resources and promotes efficiency and consistency of adjudication.

**COUNT I**
**Violation of 740 ILCS 14/15**
**(On behalf of Plaintiff and the Class, against Hoosier Papa LLC)**

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. Hoosier Papa is a limited liability company, and is therefore a private entity. 740 ICLS 14/10.

33. By collecting Plaintiff's and the Class's fingerprints through FOCUS, Hoosier Papa collected Plaintiff's and the Class's biometric identifiers. 740 ILCS 14/10.

34. By capturing and maintaining reference templates and associated timekeeping and transaction information, Hoosier Papa collected Plaintiff's band the Class's biometric information. 740 ILCS 14/10.

35. By sharing FOCUS's biometric, timekeeping, and transaction data with Papa John's International, Hoosier Papa disclosed Plaintiff's and the Class's biometric identifiers and information.

36. Prior to collecting Plaintiff's and the Class's biometric identifiers and information, Hoosier Papa did not inform Plaintiff and the Class in writing that their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(1).

37. Prior to collecting Plaintiff's and the Class's biometric identifiers and information, Hoosier Papa did not inform Plaintiff and the Class of the specific purpose for which their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(2).

38. Prior to collecting Plaintiff's and the Class's biometric identifiers and information, Hoosier Papa did not inform Plaintiff and the Class of the length of time that their biometrics would be maintained. 740 ILCS 14/15(b)(2).

39. Prior to collecting Plaintiff's and the Class's biometric identifiers and information, Hoosier Papa did not obtain a written release authorizing such collection. 740 ILCS 14/15(b)(3).

40. Prior to disclosing Plaintiff's and the Class's biometric identifiers and information, Hoosier Papa did not obtain Plaintiff's and the Class's informed consent. 740 ILCS 14/15(d)(1).

41. While Hoosier Papa was in possession of Plaintiff's and the Class's biometric identifiers and information, Hoosier Papa failed to provide a publicly available retention schedule detailing the length of time it would maintain Plaintiff's and the Class's biometrics and guidelines for permanently destroying the same. 740 ILCS 14/15(a).

**COUNT II**
**Violation of 740 ILCS 14/15**
**(On behalf of Plaintiff and the Class, against Papa John's International, Inc.)**

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. Papa John's International is a corporation, and is therefore a private entity. 740 ICLS 14/10.

44. By collecting Plaintiff's and the Class's fingerprints through FOCUS, Papa John's International collected Plaintiff's and the Class's biometric identifiers. 740 ILCS 14/10.

45. By capturing and maintaining reference templates and associated timekeeping and transaction information, Papa John's International collected Plaintiff's band the Class's biometric information. 740 ILCS 14/10.

46. Prior to collecting Plaintiff's and the Class's biometric identifiers and information, Papa John's International did not inform Plaintiff and the Class in writing that their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(1).

47. Prior to collecting Plaintiff's and the Class's biometric identifiers and information, Papa John's International did not inform Plaintiff and the Class of the specific purpose for which their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(2).

48. Prior to collecting Plaintiff's and the Class's biometric identifiers and information, Papa John's International did not inform Plaintiff and the Class of the length of time that their biometrics would be maintained. 740 ILCS 14/15(b)(2).

49. Prior to collecting Plaintiff's and the Class's biometric identifiers and information, Papa John's International did not obtain a written release authorizing such collection. 740 ILCS 14/15(b)(3).

50. While Hoosier Papa was in possession of Plaintiff's and the Class's biometric identifiers and information, Papa John's International failed to provide a publicly available

retention schedule detailing the length of time it would maintain Plaintiff's and the Class's biometrics and guidelines for permanently destroying the same. 740 ILCS 14/15(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b. Declaring that Defendants' actions as set forth herein violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the Class;

d. Finding Defendants' conduct intentional or reckless and awarding $5,000 in damages per defendant, per violation, per Class member under 740 ILCS 14/20(2), or, if Defendants' conduct does not rise to that standard, $1,000 per defendant, per violation, per Class member under 740 ILCS 14/20(1);

e. Awarding Plaintiff and the Class their reasonable attorneys' fees, costs, and other litigation expenses under 740 ILCS 14/20(3);

f. Awarding Plaintiff and the Class pre- and post-judgment interest; and

g. Awarding such other and further relief as the Court deems equitable and just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: December 3, 2020

Respectfully submitted,

s/Thomas R. Kayes
One of Plaintiff's Attorneys

Kasif Khowaja
THE KHOWAJA LAW FIRM, LLC
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
T: 312.201.0575
kasif@khowajalaw.com

Thomas R. Kayes
LAW OFFICES OF THOMAS R. KAYES, LLC

2045 W. Grand Ave., Suite B, PMB 62448
Chicago, IL 60612
T: 708.722.2241
tom@kayes.law

J. Dominick Larry
NICK LARRY LAW LLC
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
T: 773.694.4669
nick@nicklarry.law

*Attorneys for Plaintiff and the Class*