# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PRESTON KYLES, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>HOOSIER PAPA LLC, an Indiana limited liability company; and PAPA JOHN'S INTERNATIONAL, INC., a Delaware corporation,<br><br>*Defendants*. | Case No. 1:20-cv-07146<br><br>Hon. John R. Blakey<br><br>Magistrate Judge Jeffrey I. Cummings |

## AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Preston Kyles, individually and on behalf of all others similarly situated, brings this Amended Class Action Complaint and Demand for Jury Trial against Defendants Hoosier Papa LLC and Papa John's International, Inc. Plaintiff alleges the following based upon personal knowledge as to his own experiences, and as to all other matters upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE CASE

1. This class action alleges violations of the Biometric Information Privacy Act, 740 ILCS 14/1–99 ("BIPA").

2. Since 2008, BIPA has imposed a notice-and-consent requirement on companies possessing biometric data like fingerprints, voiceprints, and faceprints.

3. Defendants collected Plaintiff's biometrics without proper notice and consent. Accordingly, Plaintiff seeks statutory damages as authorized by BIPA.

## PARTIES

4. Plaintiff is a citizen and resident of Iowa. At the time of the events alleged below, Plaintiff resided in Illinois.

5. Hoosier Papa LLC is an Indiana limited liability company headquartered at 13405 Hoosier Street, Grabill, Indiana. Hoosier Papa's sole member is Brendan Pierce, a citizen and resident of Indiana.

6. Papa John's International, Inc. is a Delaware corporation headquartered at 2002 Papa John's Boulevard, Louisville, Kentucky.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Hoosier Papa because it conducts substantial business in this State and because Plaintiff's claims against Hoosier Papa arise out of its conduct within this State.

8. This Court has personal jurisdiction over Papa John's International because it conducts substantial business in this State including operation of, access to, and collection of data from the point-of-sale system that collected Plaintiff's biometrics, and because Plaintiff's claims against Papa John's International arise out of its conduct within this State.

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one defendant is a citizen of a different state than Plaintiff and the other class members, and because the amount in controversy exceeds $5,000,000.00.

10. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff's biometrics were unlawfully collected within this District and Plaintiff's claims arise from Defendants' conduct within this District.

**FACTUAL BACKGROUND**

11. Papa John's International is a world-famous, publicly traded pizza franchisor best known for the pepperoncino included in each pizza box.

12. Hoosier Papa is a Papa John's International franchisee.

13. Hoosier Papa owns and operates the Papa John's located at 700 Columbus Street, in Ottawa, Illinois.

14. Hoosier Papa used Papa John's International's proprietary point-of-sale system, called FOCUS. FOCUS, developed and operated by Papa John's International, included a built-in fingerprint scanner.

15. FOCUS is internet-enabled, and Papa John's International has remote access to FOCUS point-of-sale systems at franchise locations.

16. Plaintiff worked at Hoosier Papa's Ottawa, Illinois location from 2017 until January 30, 2018.

17. While working at Hoosier Papa's Ottawa, Illinois location, Plaintiff was employed by Hoosier Papa.

18. Plaintiff has never been employed by Papa John's International.

19. Papa John's International required its franchisees, including Hoosier Papa, to use FOCUS in their restaurants.

20. Papa John's International requires its franchisees to use FOCUS's fingerprint scanner for employee timekeeping, point-of-sale authentication, and delivery routing whenever possible.

21. Hoosier Papa required its hourly workers, including Plaintiff, to clock in and out of shifts and breaks with FOCUS's fingerprint scanner.

22. Hoosier Papa also required workers to use their fingerprints to unlock FOCUS for transactions.

23. FOCUS has nine levels of user security clearance. Papa John's International used FOCUS's fingerprint scanner to control franchisees' and workers' access to various parts of the FOCUS system.

24. In addition to collecting fingerprints, FOCUS collected and maintained reference templates derived from workers' fingerprints.

25. FOCUS then compared the reference templates against each subsequent fingerprint scan to identify the worker scanning in and associate the appropriate timekeeping and transaction information.

26. Papa John's International used the FOCUS system to remotely access Hoosier Papa's point-of-sale systems.

27. Papa John's International uses the FOCUS system's remote access to download and collect information from franchisees' point-of-sale systems, including Hoosier Papa's, daily around 2 a.m. and 4 a.m.

28. Papa John's International used the FOCUS system's remote access to monitor fingerprint-scanner usage.

29. Papa John's International circulates reports identifying franchisees and workers who do not use the FOCUS system's fingerprint scanner, and instead use passwords for authentication.

30. BIPA has been the law of the State of Illinois since 2008.

31. At the beginning of the class period, December 3, 2016, BIPA had been in effect for eight years.

32. By the beginning of the class period, BIPA had also been in the news for some time. Facebook had been sued for BIPA violations a year-and-a-half earlier,[1] and the case had already resulted in headline-generating rulings.[2] Google and Shutterfly had likewise found themselves in the news for alleged BIPA violations.[3]

33. By the time the class period started, the first BIPA fingerprint case had not only been filed, but it had also been settled and finally approved.[4]

34. Throughout the class period, then, BIPA was well known, and its obligations clear.

35. Nonetheless, Defendants did not tell workers how they used the biometric data collected through FOCUS.

36. Defendants did not tell workers how long they kept the data collected through FOCUS.

37. Defendants' workers did not consent to Defendants' collection of their fingerprints or the identifying data derived from them.

---

[1] *See* Tony Briscoe, *Suit: Facebook facial recognition technology violates Illinois privacy laws*, Chicago Tribune (Apr. 1, 2015), https://www.chicagotribune.com/news/breaking/ct-facebook-facial-recognition-lawsuit-met-story.html.

[2] Russell Brandom, *Lawsuit challenging Facebook's facial recognition system moves forward*, The Verge (May 5, 2016), https://www.theverge.com/2016/5/5/11605068/facebook-photo-tagging-lawsuit-biometric-privacy; *see also* Joel Rosenblatt, *Is Facebook's Facial-Scanning Technology Invading Your Privacy Rights*, Bloomberg (Oct. 26, 2016), https://www.bloomberg.com/news/articles/2016-10-26/is-facebook-s-facial-scanning-technology-invading-your-privacy-rights.

[3] Christopher Zara, *Google Gets Sued Over Face Recognition, Joining Facebook And Shutterfly In Battle Over Biometric Privacy In Illinois*, International Business Times (Mar. 4, 2016), https://www.ibtimes.com/google-gets-sued-over-face-recognition-joining-facebook-shutterfly-battle-over-2330278.

[4] Jonathan Bilyk, *L.A. Tan settles fingerprint scan privacy class action for $1.5M; attorneys get $600K*, Cook County Record (Dec. 9, 2016), https://cookcountyrecord.com/stories/511056103-l-a-tan-settles-fingerprint-scan-privacy-class-action-for-1-5m-attorneys-get-600k; *see also* Melissa Daniels, *Tanning Co. Settles For $1.5M Under Illinois Biometric Law*, Law360 (Dec. 6, 2016), https://www.law360.com/articles/869828/tanning-co-settles-for-1-5m-under-illinois-biometric-law.

38. Defendants' workers did not consent to disclosure of biometric data collected through FOCUS.

## CLASS ALLEGATIONS

39. Plaintiff brings this action on behalf of the following classes of similarly situated individuals under Fed. R. Civ. P. 23(b)(3):

> **Hoosier Papa Class:** All individuals who used a fingerprint scanner located at any Hoosier Papa LLC location in the State of Illinois at any point from December 3, 2016 to the present.
>
> **Papa John's International Class:** All individuals who used a fingerprint scanner connected to a FOCUS system in the State of Illinois at any point from December 3, 2016 to the present.

40. Excluded from the Classes are any members of the judiciary assigned to preside over this matter, any officer or director of any defendant, counsel for the parties, and any immediate family member of any of the same.

41. Upon information and belief, the Classes contain scores, if not hundreds, of individuals. The Classes are therefore so numerous that joinder of all members is impracticable. The precise number of members in the Classes can be determined by reference to Defendants' records.

42. Plaintiff's claims are typical of those of the proposed members of the Classes. Plaintiff's claims have the same factual and legal bases as those of the proposed members of the Classes, and Defendants' conduct has resulted in identical injuries to Plaintiff and the other members of the Classes.

43. Common questions of law and fact will predominate over any individualized inquiries. Those common questions include:

    a. Whether Defendants collected the Classes' biometric identifiers or biometric information;

6

      b.      Whether Defendants disclosed the Classes' biometric identifiers or information;

      c.      Whether Defendants published written policies establishing retention schedules and biometric-destruction guidelines;

      d.      Whether Papa John's International timely destroyed Plaintiff's and the Classes' biometrics;

      e.      Whether Defendants obtained written releases prior to collecting the Classes' biometrics;

      f.      Whether Defendants informed the Classes, in writing, of the purposes and duration for which their biometrics would be collected and stored;

      g.      Whether Hoosier Papa LLC obtained the Classes' consent prior to disclosing their biometrics; and

      h.      Whether Defendants are liable for $5,000 or only $1,000 per violation.

44.    Plaintiff will adequately represent the Classes. Plaintiff has retained counsel experienced in biometric class actions. Plaintiff and Plaintiff's counsel are committed to vigorously litigating this action on the Classes' behalf, and have the resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to the Classes.

45.    Class treatment is superior because absent a class action, most members of the Classes would find their claims prohibitively expensive to bring individually, and would be left without an adequate remedy. Class treatment of the common questions is also superior because it conserves the Court's and Parties' resources and promotes efficiency and consistency of adjudication.

## COUNT I
### Violation of 740 ILCS 14/15
### On behalf of Plaintiff and the Hoosier Papa Class
### Against Hoosier Papa LLC

46.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47.    Hoosier Papa is a limited liability company, and is therefore a private entity. 740 ICLS 14/10.

48. By collecting Plaintiff's and the Hoosier Papa Class's fingerprints through FOCUS, Hoosier Papa collected Plaintiff's and the Class's biometric identifiers. 740 ILCS 14/10.

49. By capturing and maintaining reference templates and associated timekeeping and transaction information, Hoosier Papa collected Plaintiff's and the Hoosier Papa Class's biometric information. 740 ILCS 14/10.

50. By sharing FOCUS's biometric, timekeeping, and transaction data with Papa John's International, Hoosier Papa disclosed Plaintiff's and the Hoosier Papa Class's biometric identifiers and information.

51. Prior to collecting Plaintiff's and the Hoosier Papa Class's biometric identifiers and information, Hoosier Papa did not inform Plaintiff and the Hoosier Papa Class in writing that their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(1).

52. Prior to collecting Plaintiff's and the Hoosier Papa Class's biometric identifiers and information, Hoosier Papa did not inform Plaintiff and the Hoosier Papa Class of the specific purpose for which their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(2).

53. Prior to collecting Plaintiff's and the Hoosier Papa Class's biometric identifiers and information, Hoosier Papa did not inform Plaintiff and the Hoosier Papa Class of the length of time that their biometrics would be maintained. 740 ILCS 14/15(b)(2).

54. Prior to collecting Plaintiff's and the Hoosier Papa Class's biometric identifiers and information, Hoosier Papa did not obtain a written release authorizing such collection. 740 ILCS 14/15(b)(3).

55. Prior to disclosing Plaintiff's and the Hoosier Papa Class's biometric identifiers and information, Hoosier Papa did not obtain Plaintiff's and the Hoosier Papa Class's informed consent. 740 ILCS 14/15(d)(1).

56. While Hoosier Papa was in possession of Plaintiff's biometric identifiers and information, Hoosier Papa failed to provide a publicly available retention schedule detailing the length of time it would maintain Plaintiff's and the Hoosier Papa Class's biometrics and guidelines for permanently destroying the same. 740 ILCS 14/15(a).

57. Prior to the class period and Plaintiff's term of employment at Hoosier Papa, BIPA had been the law of the State of Illinois for nearly a decade, several high-profile BIPA cases had been heavily reported in both legal and lay news media, and the first BIPA class-action settlement arising from the use of fingerprint scans received final approval. Accordingly, Hoosier Papa's willful and systematic collection of biometrics intentionally or recklessly, or at the very least negligently, violated BIPA.

**COUNT II**
**Violation of 740 ILCS 14/15**
**On behalf of Plaintiff and the Papa John's International Class**
**Against Papa John's International, Inc.**

58. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

59. Papa John's International is a corporation, and is therefore a private entity. 740 ICLS 14/10.

60. By collecting Plaintiff's and the Papa John's International Class's fingerprints through FOCUS, Papa John's International collected and/or received through trade Plaintiff's and the Papa John's International Class's biometric identifiers. 740 ILCS 14/10.

9

61. By capturing and maintaining reference templates and associated timekeeping and transaction information, Papa John's International collected and/or received through trade Plaintiff's and the Papa John's International Class's biometric information. 740 ILCS 14/10.

62. Prior to collecting and/or receiving through trade Plaintiff's and the Papa John's International Class's biometric identifiers and information, Papa John's International did not inform Plaintiff and the Papa John's International Class in writing that their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(1).

63. Prior to collecting and/or receiving through trade Plaintiff's and the Papa John's International Class's biometric identifiers and information, Papa John's International did not inform Plaintiff and the Papa John's International Class of the specific purpose for which their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(2).

64. Prior to collecting and/or receiving through trade Plaintiff's and the Papa John's International Class's biometric identifiers and information, Papa John's International did not inform Plaintiff and the Papa John's International Class of the length of time that their biometrics would be maintained. 740 ILCS 14/15(b)(2).

65. Prior to collecting and/or receiving through Plaintiff's and the Papa John's International Class's biometric identifiers and information, Papa John's International did not obtain a written release authorizing such collection. 740 ILCS 14/15(b)(3).

66. While Papa John's International was in possession of Plaintiff's and the Papa John's International Class's biometric identifiers and information, Papa John's International failed to provide a publicly available retention schedule detailing the length of time it would maintain Plaintiff's and the Papa John's International Class's biometrics and guidelines for permanently destroying the same. 740 ILCS 14/15(a).

67. To this day, Papa John's International fails to provide a publicly available retention schedule detailing the length of time it maintains biometrics and guidelines for permanently destroying the same. 740 ILCS 14/15(a).

68. Papa John's International was required to destroy Plaintiff's biometric identifiers and information no later than January 30, 2021, three years after the conclusion of his employment at Hoosier Papa. 740 ILCS 14/15(a).

69. On information and belief, Papa John's International fails to make publicly available any biometric retention schedule and destruction policy because it lacks such a policy, and as a result Papa John's International has not timely destroyed Plaintiffs' and the Class's biometric identifiers and information as required by 740 ILCS 14/15(a).

70. Because of Papa John's International's failure to provide a publicly available retention schedule detailing the length of time it would maintain Plaintiff's biometrics, Plaintiff is left to wonder when and how Papa John's International will destroy his biometric.

71. The uncertainty regarding Papa John's International's storage and destruction of his biometrics causes Plaintiff emotional distress, and impairs his ability to make informed decisions about his use of fingerprint authentication in his day-to-day life.

72. Prior to the class period and Plaintiff's use of the FOCUS fingerprint scanner, BIPA had been the law of the State of Illinois for nearly a decade, several high-profile BIPA cases had been heavily reported in both legal and lay news media, and the first BIPA class-action settlement arising from the use of fingerprint scans received final approval. Accordingly, Papa John's International's intentional and programmatic collection of worker fingerprints through the FOCUS system intentionally or recklessly, or at the very least negligently, violated BIPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Classes as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b. Declaring that Defendants' actions as set forth herein violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the Classes;

d. Finding Defendants' conduct intentional or reckless and awarding $5,000 in damages per defendant, per violation, per Class member under 740 ILCS 14/20(2), or, if Defendants' conduct does not rise to that standard, $1,000 per defendant, per violation, per Class member under 740 ILCS 14/20(1);

e. Awarding Plaintiff and the Classes their reasonable attorneys' fees, costs, and other litigation expenses under 740 ILCS 14/20(3);

f. Awarding Plaintiff and the Classes pre- and post-judgment interest; and

g. Awarding such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: February 19, 2021

Respectfully submitted,

s/ Thomas Kayes
One of Plaintiff's Attorneys

Kasif Khowaja
THE KHOWAJA LAW FIRM, LLC
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
312.201.0575
kasif@khowajalaw.com

Thomas R. Kayes
LAW OFFICES OF THOMAS R. KAYES, LLC
2045 W. Grand Ave., Suite B, PMB 62448
Chicago, IL 60612
708.722.2241
tom@kayes.law

J. Dominick Larry
NICK LARRY LAW LLC
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
773.694.4669
nick@nicklarry.law

*Attorneys for Plaintiff and the Classes*