# Exhibit A

JUDGE DAVID B. ATKINS

FELIPE BERNAL, individually and on behalf of others similarly situated,
    Plaintiff,

v.

ADP, LLC,
    Defendant.

AUG 23 2019

Circuit Court-1879

No. 2017-CH-12364

Calendar 16

Judge David B. Atkins

## MEMORANDUM OPINION AND ORDER

THIS CASE COMING TO BE HEARD on Defendant ADP, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to 735 ILCS 5/2-615, the court, having considered the briefs submitted and being fully advised in the premises,

HEREBY FINDS AND ORDERS:

### *Background*

Plaintiff, Felipe Bernal, as an employee of Rockit Ranch Productions, Inc. ("Rockit"), was required to use biometric scanning technology to "clock-in" and "clock-out." The biometric technology was provided and serviced by Defendant ADP, LLC. Plaintiff alleges the use of his biometric identifying information during his employment with Rockit was improperly acquired, possessed, and disseminated in violation of sections 740 ILCS 14/15 (a)-(d) of the Biometric Information Privacy Act ("BIPA"). Plaintiff originally brought suit against Rockit for said violations, but he subsequently amended his Complaint to drop all allegations against Rockit and instead claim that Defendant violated BIPA. Defendant now seeks to dismiss all counts.

### *Standard of Review*

A 2-615 motion to dismiss challenges the complaint's legal sufficiency based on facial defects.[1] The court assumes all well-pleaded facts and their reasonable inferences in the complaint as true, viewing the allegations in the light most favorable to the plaintiff.[2] As Illinois is a fact-pleading jurisdiction, "a plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action."[3] Mere conclusions of law and unsupported conclusory factual allegations are insufficient to survive a 2-615 motion to dismiss.[4] A 2-615 motion to dismiss does not raise affirmative factual defenses.[5] "A

---

[1] *Beacham v. Walker*, 231 Ill. 2d 51, 57 (2008).
[2] *Alpha School Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 735 (2009).
[3] *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 355, (2004).
[4] *Alpha School Bus*, 391 Ill. App. 3d at 736.

motion to dismiss should be granted only if the plaintiff can prove no set of facts to support the cause of action asserted."[6]

*Discussion*

Count I of Plaintiff's Complaint alleges violations of four separate clauses within BIPA. The Court addresses each alleged violation separately.[7]

**Applicability of § 15(b).**

Plaintiff asserts that Defendant violated § 15(b), which imposes certain preconditions that private entities must comply with before they can "collect, capture, purchase, receive through trade, or otherwise obtain" an individual's biometric information. Defendant presents a compelling argument that § 15(b) should not apply to an entity like ADP, pointing out that language included by the legislature differs from the language included in the other subsections and suggests that the legislature intended for possession alone to not be enough to make an entity subject to § 15(b). Indeed, § 15(b)'s requirement that the private entity whose actions the subsection is meant to regulate must receive a "written release" from the subject of the biometric identifier or biometric information or their legally-authorized representative does suggest that the legislature did not intend for the subsection to apply to a third party entity as Defendant seems to be here.[8] Here, Defendant is not Plaintiff's employer. While Plaintiff correctly contends that BIPA can be applied outside of an employment situation, there is nothing to suggest that BIPA was intended to apply to situations wherein the parties are without any direct relationship.[9] Moreover, from the facts as they are alleged, the Court can infer that this case fits squarely within an employment context. All of Plaintiff's claims stem from Rockit's requirement that employees participate in biometric scanning technology. That Rockit obtained the technology from Defendant does not remove Plaintiff's case from existing within the context of his employment by Rockit. As Defendant notes, to read BIPA as requiring that a third party provider of the biometric timeclock technology, without any direct relationship with its customers' employees, obtain written releases

---

[5] *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 382 (2004).
[6] *Kaiser v. Fleming*, 315 Ill. App. 3d 921, 925, (2000).
[7] In his response to Defendant's motion to dismiss, Plaintiff represents that he "voluntarily dismisses his negligence claim (Count II) against Defendant," thus rendering as moot Defendant's motion to dismiss Count II.
[8] As Defendant notes in its motion, the BIPA's definition of "written release" clearly limits its applicability, in the context of employment, to the relationship that exists between employer and employee. 740 ILCS 14/10.
[9] In *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186 (2019), the Supreme Court noted that the purpose of § 15(b) is to vest "in individuals and customers the right to control their biometric information without requiring notice before collection and giving them the power to say no by withholding consent." 2019 IL 123186 at ¶34. Given the Supreme Court's interpretation of § 15(b)'s purpose, there is little reason to believe that its applicability should extend beyond the point at which an individual has the right to withhold consent. Here, Plaintiff's right to withhold consent can be exercised by refusing Rockit's authority to collect his biometric information.

from said employees would be unquestionably not only inconvenient but arguably absurd.[10]

Yet, based on the pleadings, as written, the Court's decision must ultimately turn on the insufficiency of Plaintiff's Complaint as to § 15(b). Plaintiff has failed to allege facts sufficient enough for the Court to properly assess Defendant's actual involvement, relative to the biometric scanning technology, beyond the fact that Defendant supplied Rockit with the technology. In order for the Court to determine whether or not § 15(b) is applicable here, Plaintiff's Complaint must include factual allegations of what Defendant's role relative to Plaintiff's biometric information is. Most of Plaintiff's claims that are relevant to § 15(b) are aimed at what the technology Defendant provides to Rockit allegedly does. In so far that Plaintiff's claims allege particular action on Defendant's part, the allegations are conclusive in nature.[11] Therefore, Defendant's motion to dismiss, as to the portion of Count I alleging a violation of § 15(b) of BIPA is GRANTED.

**Whether § 15(a) is Moot.**

Plaintiff alleges a breach of § 15(a), which requires private entities in possession of biometric information to:

> "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers ... when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric information must comply with its established retention scheduled and destruction guidelines."

The language in § 15(a) seems to make clear that a private entity is required to comply with its established retention schedule and destruction guidelines whenever in possession of biometric information. The subsection seems to stipulate that the schedule and guidelines must be written and made available to the public. Therefore, if a private entity is in possession of biometric information, but lacks an established retention schedule and destruction guidelines, it stands to reason that said private entity could be found to be in violation of § 15(a).

Notwithstanding the requirement that a private entity in possession of biometric information have an established retention schedule and destruction guidelines, there is no explicit requirement that the schedule or guidelines exist "prior to" possession of the

---

[10] "It is a familiar rule, that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers." *People v. Hanna*, 207 Ill. 2d 486, 498 (2003) (citing *Croissant v. Joliet Park Dist.*, 141 Ill. 3d 449, 455 (1990) ("Statutes are to be construed in a manner that avoids absurd or unjust results")).
[11] See Plaintiff's Complaint at ¶ 3 ("Defendant ADP is capturing, storing, using, and/or disseminating the biometrics of Plaintiff ...")

biometrics information. Yet, regarding § 15(a), Plaintiff alleges that "[p]rior to taking Plaintiff's biometrics, Defendant did not make publicly available any written policy as to a biometric retention schedule and guidelines for permanently destroying the collected biometrics." While this may be true, such an allegation does not exclude the possibility that Defendant made available to the public an established schedule and guidelines when, and not before, it was in possession of Plaintiff's biometric information. Plaintiff's Complaint, as written, does not sufficiently allege an actual violation of § 15(a), and thus, fails to state a claim. Defendant's motion to dismiss, as to the portion of Count I asserting a violation of § 15(a) of BIPA is GRANTED.

**Whether Plaintiff has Sufficiently Alleged a Violation of § 15(c).**

Plaintiff alleges an infraction of § 15(c), which prohibits private entities from selling, leasing, trading, or otherwise profiting from an individual's biometric information.[12] Here, Plaintiff's contends that the allegations in his Complaint, "when combined with reasonable inferences that can be drawn therefrom, establish that Defendant obtains and stores the biometric information captured by its devices, which it in turn sells, leases, or otherwise makes commercially available to Plaintiff's employer for the purposes of biometric timekeeping."[13] The court disagrees. Paragraphs 11 and 26 of Plaintiff's Complaint allege that Defendant disseminates biometric information to "third parties, including vendors for timekeeping, data storage, and payroll purposes." Plaintiff's Complaint does not contain any allegation that Defendant sold, leased, traded, or otherwise profited from anyone's biometric information. Thus, since Plaintiff's Complaint only alleges facts sufficient to demonstrate that Defendant passes biometric data to third party partners for purposes other than profit, Defendant's motion to dismiss as to the portion of Count I asserting a violation of § 15(c) is GRANTED.

**Whether Plaintiff has Sufficiently Alleged a Violation of § 15(d).**

Defendant provides a compelling argument regarding whether § 15(d) is even applicable in this case. Namely, that Plaintiff's implication of Defendant's allowing biometric information to pass to data storage vendors and payroll services does not qualify as instances of "disclosure" or "dissemination" under BIPA, but rather should be considered a form of mere transmission. However, to the extent that Defendant's argument seems to suggest an affirmative factual defense, it would be inappropriate for the Court to entertain this line of argument on a Section 2-615 motion to dismiss.

Turning to the Complaint as pled, Plaintiff asserts a violation of § 15(d), which establishes certain preconditions with which private entities must comply before they "disclose, redisclose, or otherwise disseminate a person's or a customer's biometric ... information." Only twice in Plaintiff's Complaint does he allege any such disclosure; each instance consists of a single statement that Defendant's technology "allows for and resulted in" the dissemination of Plaintiff's biometric information to third parties,

---

[12] See 740 ILCS 14/15(c).
[13] See Plaintiff's response to Defendant's motion to dismiss at pg. 8.

including vendors for timekeeping, data storage, and payroll purposes."[14] These allegations fall short of sufficient factual pleading, because they are void of any facts to support Plaintiff's allegation that Defendant has violated § 15(d). Suggesting that the technology Defendant created allows for the dissemination of biometric information is not an allegation of the Defendant's disseminating biometric information. Thus, Defendant's motion to dismiss, as to the portion of Count I asserting a violation of § 15(d) is GRANTED.

WHEREFORE the Court enters an order as follows:

a. Defendant ADP, LLC's motion to dismiss Plaintiff Felipe Bernal's Complaint is GRANTED, and Count I is dismissed *without prejudice.*

b. Plaintiff has until September 20, 2019 to file an amended complaint, with facts consistent with this Order.

c. This matter is set for further status to October 24, 2019 at 10:30 a.m. in courtroom 2102.

ENTERED: JUDGE DAVID B. ATKINS

AUG 23 2019

Circuit Court-1879

Judge David B. Atkins

The Court.

---

[14] See Plaintiff's response to Defendant's motion to dismiss at ¶¶11, 26.